IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bilal A. Al-Haqq, a/k/a Bilal Abdullah Al-Haqq, a/k/a Michael Dion McFadden, ) ) ) ) | C/A No.: 1:19-158-DCC-SVH |
| Plaintiff, ) ) | |
| vs. ) ) ) | ORDER |
| Ms. Francis Johnson, I.G. C.; Sgt. Foglebach; Ms. Tammy Way; Lt. Eugene Skipper; Ms. Francine Baughman, O.H.O., ) ) ) ) ) ) | |
| Defendants. ) ) | |

Bilal A. Al-Haqq ("Plaintiff"), proceeding pro se and in forma pauperis, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. All pretrial proceedings in this case have been referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.). This matter comes before the court on the following motions filed by Plaintiff: (1) motion to amend the complaint [ECF Nos. 35]; (2) motion to compel discovery [ECF No. 39]; and (3) motion to appoint counsel [ECF No. 45].

I.  Factual and Procedural History

Plaintiff filed this civil action on January 18, 2019, pursuant to 42 U.S.C. § 1983, alleging claims regarding the confiscation of his outgoing legal

mail while incarcerated at MacDougall Correctional Institution ("MacDougall"). [ECF No. 1]. Plaintiff alleges while at MacDougall, an inmate informed defendant Tammy Way ("Way") that Plaintiff had "placed her name in [his] legal for tampering with the mailing of [his] legal mail." [ECF No. 1 at 5–6]. Plaintiff alleges Way opened Plaintiff's legal mail on May 23, 2019, and gave it to defendant Lt. Eugene Skipper ("Skipper"), "who shared a relationship with Ms. Way." *Id.* Skipper ordered Plaintiff to report to Skipper's office, where Way and defendant Sgt. Foglebach ("Foglebach"), were reviewing his legal work. *Id.*

Plaintiff was "charged with abuse of privilege and given restriction time." *Id.* Plaintiff alleges "[t]here was no contraband in the legal mail and [his] legal mail was never returned to [him]." *Id.* The complaint alleges that Plaintiff could not litigate his case "due to critical and pertinent information be[ing] confiscated." *Id.* at 7. Plaintiff requests compensatory and punitive damages, as well as injunctive relief in the form that his paperwork be returned. *Id.*

On May 31, 2019, Plaintiff filed a "motion for leave to file an amended and supplemental complaint," but did not include a proposed amended complaint [ECF No. 20]. The Honorable Mary Gordon Baker, United States Magistrate Judge, issued an order on June 20, 2019, noting that Plaintiff's motion: (1) did not clarify whether his proposed claims of inadequate

2

treatment and unsafe prison conditions were based on events that happened after the May 23, 2017 incident at issue in the complaint; (2) did not specify any defendants to whom his proposed conditions of confinement claim related; (3) did not move for the South Carolina Department of Corrections ("SCDC") to be added as a named despite requesting injunctive relief from this entity; and (4) failed to provide a proposed amended complaint. [ECF No. 25]. Judge Baker instructed Plaintiff to file a proposed amended complaint containing all allegations against all defendants in one filing by July 8, 2019, and held the motion to amend in abeyance. *Id.* at 3–4.

On July 22, 2019, Judge Baker issued an order denying Plaintiff's motion to amend the complaint, as he had not filed a proposed amended complaint or otherwise clarified the issues raised by Judge Baker. [ECF No. 33]. Also on July 22, 2019, but not docketed until July 23, 2019, Plaintiff submitted a document titled "Plaintiff's Amended and Supplemental Complaint" [ECF No. 35], which the Clerk's office interpreted as a new motion to amend the complaint. On July 26, 2019, the case was reassigned to the undersigned for reasons unrelated to the facts of the case.

II. Discussion

    A. Motion to Amend [ECF No. 35]

Plaintiff's motion to amend alleges that Ms. Chapman, a mailroom supervisor at MacDougall, allowed and assisted Way in confiscating his legal

mail, but provides no further allegations against Chapman, Way, or any other defendants. Judge Baker previously advised Plaintiff that "an amended pleading ordinarily supersedes the original [complaint] and renders it of no legal effect. [ECF No. 25 at 3–4]. Even if Plaintiff had timely submitted his motion, it is nevertheless deficient because it does not contain specific allegations that form the basis of the first complaint and fails to address any of the issues outlined in Judge Baker's June 20, 2019 order. Therefore, Plaintiff's motion to amend is denied.

B. Motion to Compel [ECF No. 39]

Plaintiff's motion to compel appears to seek responses to his requests for production and requests for admission, but makes no argument as to any particular request. Defendants' response attached responses to the discovery served on Plaintiff on July 1, 2019. In his reply, Plaintiff accuses defendants of being untruthful in discovery and argues that the responses contradict other documents in the case, but he fails to attach the referenced documents. Without more, the undersigned is constrained to deny Plaintiff's motion to compel.

C. Motion to Appoint Counsel

Plaintiff has filed a motion for the court to appoint him counsel. [ECF No. 51]. There is no right to appointed counsel in 42 U.S.C. § 1983 civil rights cases. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the

4

court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff has not shown that any exceptional circumstances exist in this case.

After a review of the file, this court has determined that there are no exceptional or unusual circumstances presented that would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his or her case. Accordingly, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915 (e)(1) is denied.

IT IS SO ORDERED.

*Shiva V. Hodges*

September 10, 2019  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

5