IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Bilal Al-Haqq, | ) | Case No. 1:19-cv-00158-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Ms. Francis Johnson, Sgt. Foglebach, | ) | |
| Ms. Tammy Way, Lt. Eugene Skipper, | ) | |
| Ms. Francis Baughman, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Defendants' motion to dismiss. ECF No. 52. Plaintiff filed a response in opposition, Defendants filed a reply, and Plaintiff filed a sur-reply and a letter. ECF Nos. 60, 61, 62, 63. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On February 28, 2020, the Magistrate Judge issued a Report recommending that Defendants' motion[1] be granted because Plaintiff failed to exhaust his administrative remedies or, alternatively, on the merits. ECF No. 64. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the

---

[1] The Magistrate Judge had previously issued a text order informing the parties that the motion would be considered a motion for summary judgment because it presented matters outside the pleadings. ECF No. 55.

serious consequences if they failed to do so. Plaintiff filed objections, and Defendants filed a reply. ECF Nos. 66, 67.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## DISCUSSION

In the present action, Plaintiff alleges that he was denied access to courts, that Defendants violated his Fourteenth Amendment Due Process rights, and that he was retaliated against for exercising his constitutional rights to file legal papers against Defendant Way. The Magistrate Judge provides a thorough recitation of the relevant facts and the applicable law which the Court incorporates by reference. As stated above, the Magistrate Judge recommends that summary judgment be granted because Plaintiff

2

failed to exhaust his administrative remedies.  Plaintiff objects.  The Court has reviewed the record, the applicable law, and the Report de novo.

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (codified as amended at 42 U.S.C. § 1997e(a) (1996)), mandates, among other things, that prisoners exhaust their administrative remedies prior to filing civil actions concerning prison conditions under Section 1983 or any other federal law.  See *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").  "[T]he PLRA's exhaustion requirement is mandatory," *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 677 (4th Cir. 2005), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002).

The PLRA requires "proper exhaustion" of available administrative remedies prior to filing suit.  *Woodford v. Ngo*, 548 U.S. 81, 93-94 (2006).  As the Supreme Court noted, "[a]ggrieved parties may prefer not to exhaust administrative remedies for a variety of reasons," whether it be concerns about efficiency or "bad faith."  *Id.* at 89–90.  This is especially true in a prison context.  *Id*. at 90 n.1.  Nevertheless, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  *Id.* at 90–91.

"[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."  *Moore v. Bennette*,

3

517 F.3d 717, 725 (4th Cir. 2008).  Thus, an administrative remedy is considered unavailable when: (1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) it is "so opaque that it becomes, practically speaking, incapable of use"; or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  *Ross v. Blake*, 136 S. Ct. 1850, 1859–60 (2016).

Here, Plaintiff filed a Step 1 grievance on June 18, 2017, alleging that on May 22, 2017, legal papers and correspondence to a news reporter were confiscated and that Defendant Way was retaliating against him because he "reported her actions against [him]." ECF Nos. 52-5 at 1.  This grievance was returned because Plaintiff did not provide reference to or documentation of an informal resolution.  In his response in opposition, Plaintiff states that "Defendants know that both the step #1 and step #2 grievances ha[ve] been submitted to the court in this case.[2]  ECF No. 69 at 15.  Regardless, there is no evidence that Plaintiff sought informal resolution by completing a Request to Staff Member Form or Automated Request to Staff Member Form prior to filing a Step 1 grievance.  As explained in more detail by the Magistrate Judge, Plaintiff has provided a limited number of his previously filed grievances that had been returned to him in support of his argument that the grievance process is essentially unavailable to him.  However,

---

[2] The Court notes that Plaintiff's conclusory allegations, without more, are insufficient to preclude a finding of summary judgment.  *See Ross v. Commc'ns Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989).

4

each of the grievances were returned for failure to submit documentation that he attempted informal resolution.  See ECF No. 60-2 at 6–19.

While his objections mainly focus on the merits of his arguments, Plaintiff asserts that he has exhausted all of his administrative remedies.  He contends that on June 30, 2017, Defendant Johnson, grievance clerk, told him that he "would not be able to refile on this issue." ECF No. 66 at 4.  He appears to be referencing the notation at the bottom of his returned Step 1 grievance.  See ECF No. 52-5 at 2.  However, the full notation explains that the grievance is being returned because Plaintiff failed to reference an attempt at informal resolution.  Plaintiff has not objected to the conclusion that he failed to comply with the grievance policy and has not provided any evidence that he was prevented from completing it.  Accordingly, the motion for summary judgment should be granted because Plaintiff failed to exhaust his administrative remedies.[3]

In his objections, Plaintiff reiterates his request for sanctions because Defendants failed to participate in discovery and for judgment as a matter of law.  ECF No. 66 at 2. The Magistrate Judge recommends that both requests be denied.  With respect to his request for sanctions, the Magistrate Judge denied his motion to compel discovery; accordingly, that request is denied.  Regarding his request for judgment as a matter of law, Plaintiff has not filed a motion and the time to do so has lapsed; accordingly, this request is denied.

---

[3] Plaintiff raises in his objections that Defendant Johnson is not the warden and, therefore, is not the proper party to respond to grievances.  ECF No. 66 at 4.  This allegation also fails to establish that the grievance policy is unavailable to him.

Plaintiff requests the appointment of counsel. There is no right to appointed counsel in 42 U.S.C. § 1983 civil rights cases. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff has not shown that any exceptional circumstances exist in this case. Accordingly, this request is denied.

Plaintiff requests to amend his complaint. As detailed by the Magistrate Judge, Plaintiff filed a "Supplemental Complaint" which the Magistrate Judge construed as a motion to amend. In the filing, Plaintiff alleges that he was sexually assaulted on June 22, 2019, and correctional officers at Trenton Correctional institution have not responded as required. The new allegations are not related to this case. *See Abebe v. S.C. Dep't of Corr.*, C/A No. 0:09-3111-MBS, 2010 WL 3258595, at *5 (D.S.C. Aug. 16, 2010) ("[Plaintiff's] amendment is unrelated to any of the claims in Plaintiff's original and first amended complaints. As such, Plaintiff must file a separate suit to allege these claims pursuant to Fed. R. Civ. P. 15 and 20."). The Magistrate Judge denied the motion, and, for the same reasons, this Court denies his request.

Defendants request that this action be designated as a "strike." The Magistrate Judge recommended denying this request. Neither party has objected to this portion of the Report. Upon review for clear error, the Court agrees with the recommendation of the Magistrate Judge and declines to count this dismissal as a "strike."

**CONCLUSION**

Based on the foregoing, the Court adopts the recommendation of the Magistrate Judge as set out.[4] Defendants' motion for summary judgment [52] is **GRANTED** and this action is **DISMISSED without prejudice**.[5]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

April 15, 2020
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[4] Because the Court finds that Plaintiff has failed to exhaust his administrative remedies, the Court has not considered the Magistrate Judge's discussion of the merits of this case. *See Mouzon v. Clawson*, No. 1:13-CV-00818-RBH, 2014 WL 1668293, at *4 (D.S.C. Apr. 25, 2014), *aff'd sub nom. Mouzon v. Clauson*, 585 F. App'x 110 (4th Cir. 2014) ("Exhaustion is a threshold requirement that must be satisfied in order for prisoner complaints to proceed.").

[5] As this recommendation for dismissal is based on failure to exhaust, the dismissal of this case should be without prejudice. *Cf. Greene v. Meese*, 875 F.2d 639, 643 (7th Cir. 1989); *see also Armstrong v. Scribner*, 350 F. App'x 186, 2009 WL 3497769 at * 1 9th Cir. Oct. 30, 2009).